UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY A. HALL, | CASE No.   1:13-cv-033-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| | (ECF No. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| MATTHEW CATE, et al. | |
| Defendants.       / | |

Plaintiff Randy A. Hall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in this action.

Plaintiff initiated this action on January 9, 2013. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at California Correctional Institution ("CCI"), where the events at issue in his Complaint occurred.  Plaintiff appears to be alleging claims under the First, Eighth, and Fourteenth Amendments against the following individuals: 1) Matthew Cate, secretary of the California Department of Corrections and Rehabilitation ("CDCR"), 2) K. Holland, chief deputy warden of CCI, 3) K. Sampson, appeals coordinator at CCI, 4) R. Curliss, floor officer at CCI, 5) R. Duran, floor officer at CCI, 6) E. Rangel, floor officer at CCI, and 7) M. Frausto, floor officer at CCI.

Plaintiff's allegations are summarized as follows:

Plaintiff was informed by another inmate that Defendant Curliss was revealing to other inmates that Plaintiff had been convicted of child molestation and telling white inmates to harm Plaintiff.  (Compl. at 5.)  Plaintiff filed grievances and talked to committee

1  members to alert prison staff to Defendant Curliss' efforts to harm him.  (Id. at 5-6.)
2  Plaintiff's grievances were not properly processed.  (Id. at 6-8.)  Defendants Holland and
3  Sampson were among those who reviewed Plaintiff's grievances.  (Id. at 8-10.)

4        At various points in 2011 and 2012, Defendant Duran refused to feed Plaintiff,
5  insulted him, removed his medication, destroyed and removed items from Plaintiff's cell,
6  and tried to stop Plaintiff from giving a medical slip to a nurse.  (Compl. at 11, 13.)
7  Defendant Duran also informed Plaintiff's neighbors about his conviction for child
8  molestation.  (Id. at 11.)  Plaintiff informed Defendant Holland via a grievance and also
9  informed committee members of the infraction, but the committee chose not to help
10 Plaintiff.  (Id. at 12.)

11       According to another inmate, Defendants Rangel and Frausto told the inmate that
12 Plaintiff was a child molester and if the inmate attacked Plaintiff, he would be rewarded.
13 (Compl. at 14.)  Plaintiff informed Defendant Holland about their threats.  (Id. at 15.)
14 Defendants Rangel and Frausto intimidated the inmate from testifying about their offer.
15 (Id. at 16.)

16       Defendant Sampson interfered with the processing of several of Plaintiff's
17 grievances in order to protect Defendant Curliss and prevent Plaintiff from accessing the
18 Courts.  (Compl. at 17.)

19       Defendants Holland and Cate supervised all subordinate personnel and were
20 responsible for inmate safety.  (Compl. at 18.)  Plaintiff sent Defendant Holland a letter
21 regarding the dangers he faced at CCI.  (Id. at 19.)

22       Plaintiff asks for a preliminary and permanent injunction directing Defendants to stop
23 encouraging inmates to harm Plaintiff, to stop informing inmates of Plaintiff's commitment
24 offense, and to stop interfering with his grievances.  (Compl. at 21.)

25 **III.    ANALYSIS**

26     **A.    42 U.S.C. § 1983 Analysis**

27       42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
28 privileges, or immunities secured by the Constitution and laws' of the United States."

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.    42 U.S.C. §1983 Linkage Requirement

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has not alleged facts demonstrating that Defendants Holland and Sampson personally acted to violate his rights. He alleges only that Defendants had supervisory authority and were responsible for protecting inmates. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### C.    Plaintiff's Claims

At this stage of the proceedings, it is not clear what claims Plaintiff wishes to bring in this action. Plaintiff suggests that certain Defendants placed him in danger by revealing his commitment offense to other inmates, certain Defendants prevented him from

exhausting his administrative remedies, and certain Defendants destroyed his property. However Plaintiff does not directly allege the statutory basis for any of his claims. Accordingly, the Court will provide Plaintiff with the legal standards applicable to the type of claims Plaintiff appears to want to assert. Plaintiff should review these standards and follow them if he chooses to file an amended complaint.

          1.      <u>Eighth Amendment - Failure to Protect Claim</u>

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and

he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

### 2. Fourteenth Amendment - Due Process Claim

#### a. Liberty Interest

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

#### b. Property Interest

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th

Cir. 1985).[1]  Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

For an unauthorized deprivation of property, Plaintiff would have to allege that he lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a deprivation not authorized by properly adopted regulations, procedures and policies). Plaintiff should note that for unauthorized deprivations of property, he does have an adequate post-deprivation remedy under California law and therefore, any attempt to pursue a claim under federal law for unauthorized taking of his property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895).

### D.     Injunctive Relief

Plaintiff seeks injunctive relief.  He asks the Court to order Defendants stop trying to have inmates harm Plaintiff, informing inmates of Plaintiff's commitment offense, and interfering with his grievances.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Plaintiff suggests a real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). However, Plaintiff's threats of injury are vague and unclear. The Court is unable to determine at this time how Plaintiff would suffer without the requested relief.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed January 9, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 31, 2013              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE