# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY A. HALL,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-033-MJS<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDMENT CLAIM AND DIRECTING HIM TO FILE AN AMENDED COMPLAINT CONTAINING THE CLAIMS HE WISHES TO PURSUE IN THIS ACTION<br><br>(ECF No. 7)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On January 9, 2013, Randy A. Hall ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF Nos. 1, 6.) Plaintiff's First Amended Complaint (Am. Compl., ECF No. 7) is now before the Court for screening. No other parties have appeared in the action.

## I.　SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

**II.     PLAINTIFF'S CLAIMS**

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.  He names the following individuals as Defendants: 1) Matthew Cate, secretary of California Department of Corrections and Rehabilitation ("CDCR"), 2) K. Holland, deputy warden at CCI, 3) K. Sampson, appeals coordinator at CCI, 4) R. Curliss, officer at CCI, 5) B. Duran, officer at CCI, 6) E. Rangel, officer at CCI, and 7) M. Frausto, officer at CCI.  Plaintiff alleges that these defendants violated his rights under the Eighth and First Amendments.  Plaintiff also alleges they were acting in their individual and official capacities.

Plaintiff organizes his First Amended Complaint by defendant and alleges as follows:

Defendant Curliss: On April 12, 2011, Defendant Curliss informed a number of other inmates that Plaintiff was incarcerated for committing sexual acts against a minor child and told the other inmates to harm Plaintiff. (Am. Compl. at 4.) Defendant Curliss violated Plaintiff's Eighth Amendment rights. (Id.)

Defendant Duran: On August 13, 2011, Defendant Duran informed other inmates that Plaintiff was incarcerated for committing sexual acts against a minor child. (Am. Compl. at 5.) On December 10, 2012, Defendant Duran threated to harm Plaintiff and on January 19, 2013, other inmates informed Plaintiff that Defendant Duran had told them about the reason for Plaintiff's incarceration. (Id.) Defendant Duran violated Plaintiff's Eighth Amendment rights. (Id. at 6.)

Defendant Rangel: On February 12, 2012, Defendant Rangel informed an inmate that Plaintiff was incarcerated for molesting a child. (Am. Compl. at 6.) Defendant Rangel told the inmate to harm Plaintiff. (Id.) Defendant Rangel violated Plaintiff's Eighth Amendment rights. (Id. at 7.)

Defendant Frausto: On February 12, 2012, Defendant Frausto told an inmate that Plaintiff was incarcerated for molesting a child and that Plaintiff should be harmed. (Am. Compl. at 7.) Defendant Frausto violated Plaintiff's Eighth Amendment rights. (Id. at 8.)

Defendant Sampson: In 2011, Defendant Sampson refused to properly process one of Plaintiff's grievances. (Am. Compl. at 9.) Defendant Sampson took this action to prevent Plaintiff from seeking relief on his claims in court. (Id.) Defendant Sampson violated Plaintiff's First Amendment rights. (Id.)

Defendant Holland: Plaintiff sent Defendant Holland several letters regarding Defendants Duran, Frausto, and Rangel's actions. (Am. Compl. at 10.) Defendant Holland violated Plaintiff's Eighth Amendment rights because he failed to ensure Plaintiff's safety after Plaintiff informed him about Plaintiff's situation. (Id. at 11.)

Defendant Cate: Plaintiff sent Defendant Cate a copy of a complaint regarding Defendants Curliss, Duran, Frausto, and Rangel's efforts to harm Plaintiff. (Am. Compl. at 11.) Defendant Cate failed to ensure Plaintiff's safety and violated Plaintiff's Eighth Amendment rights. (Id. at 11-12.)

Plaintiff asks for injunctive relief.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Federal Rule of Civil Procedure 18

Fed. R. Civ. P. 18(a) states: "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

4

Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims fall into four separate groups: 1) his claim against Defendant Curliss for the 2011 incident; 2) his claims against Defendants Duran, Cate, and Holland for the 2011, 2012, and 2013 incidents; 3) his claims against Defendant Rangel, Cate, and Holland for the 2012 incident; and, 4) his claims against Defendants Frausto, Cate, and Holland for the 2012 incident. Each of these groups involves a distinct incident or incidents unrelated to the others.

As explained below, it appears Plaintiff has stated a cognizable Eighth Amendment claim with regard to each of these incidents. However, for the reasons stated, all cannot proceed in one action. The Court will provide Plaintiff with an opportunity to decide which claim he wishes to pursue in this action and which he wants to make the subjects of other actions. He shall file here a Second Amended Complaint asserting only the one claim he elects to pursue in this case.

**C. First Amendment Claim**

Plaintiff alleges that Defendant Sampson violated his First Amendment rights by failing to properly process his grievance.

There is a First Amendment right to petition the government through prison grievance procedures. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, there is also a general requirement that there be some kind of injury to create a cognizable claim. See

5

Brodheim, 548 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68) (prisoner must allege that an adverse action taken in response to prisoner's protected First Amendment activity had a chilling effect on prisoner's ability to exercise of his First Amendment rights); Lewis v. Casey, 518 U.S. 343, 346-348 (1996) (recognizing a fundamental constitutional right of access to the courts, but also requiring that plaintiff show he suffered from an actual injury).

Plaintiff has failed to state a First Amendment claim against Defendant Sampson. Plaintiff has not shown that he suffered from actual injury as a result of Defendant Sampson's actions. He has alleged only a potential for injury, i.e., the possibility he might have been prevented from bringing this lawsuit. Obviously, that possibility did not become a reality. No injury has been realized. Plaintiff has failed to state a First Amendment claim against Defendant Sampson and cannot state such a claim as alleged. Plaintiff will not be given further leave to amend this claim.

### D. Eighth Amendment Claim

Plaintiff has alleged that Defendants Curliss, Duran, Rangel, Frausto, Holland, and Cate violated his Eighth Amendment rights by creating unsafe conditions of confinement for Plaintiff.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks

by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

By revealing Plaintiff was incarcerated for child molestation and attempting to incite other inmates to injure Plaintiff, Defendants created a serious risk of harm to Plaintiff. See, e.g., Chappell v. Stankorb, No. 1:11-cv-01425-LJO-DLB, 2013 WL 2384458 *1 (E.D. Cal. May 30, 2013) (order upholding magistrate judge's finding that prisoner had stated a conditions of confinement claim for alleging defendants told other inmates that plaintiff was a child molester and that this information placed his life in danger). It appears Plaintiff has stated an Eighth Amendment conditions of confinement claim against these defendants.

Defendant Curliss allegedly violated this Eighth Amendment right in 2011 when he revealed the reasons for Plaintiff's incarceration and encouraged other inmates to harm Plaintiff.

Defendants Duran did the same thing in 2011. Defendants Cate and Holland then, after learning of the foregoing, failed to ensure that Plaintiff was placed in a safer living situation.

In 2012 both Defendants Frausto and Rangel again revealed the reasons for Plaintiff's incarceration and each encouraged other inmates to harm Plaintiff. Defendants Cate and Holland, aware of same, nevertheless failed to ensure that Plaintiff was placed in a safer living situation.

**IV.  CONCLUSION**

It appears Plaintiff has stated Eighth Amendment claim for improper conditions of confinement against Defendants Curliss, Duran, Rangel, Frausto, Cate, and Holland. Plaintiff has failed to state a First Amendment claim against Defendant Sampson. The

7

Court hereby ORDERS as follows:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint containing the single claim Plaintiff wishes to pursue in this action;

3. Plaintiff may pursue ONE of the following claims in this action and the others will be dismissed without prejudice so that Plaintiff may file them in another action:

   a. his claim against Defendant Curliss for the 2011 incident;

   b. his claims against Defendants Duran, Cate, and Holland for the 2011, 2012, and 2013 incidents;

   c. his claims against Defendant Rangel, Cate, and Holland for the 2012 incident; or

   d. his claims against Defendants Frausto, Cate, and Holland for the 2012 incident;

4. Plaintiff's First Amendment claim against Defendant Sampson is DISMISSED;

5. Defendant Sampson is DISMISSED from this action; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed,

IT IS SO ORDERED.

Dated:   June 30, 2013              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE