# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY A. HALL,<br><br>Plaintiff<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | CASE NO. 1:13-cv-033-MJS<br><br>ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>CLERK SHALL CLOSE CASE |

On January 9, 2013, Randy A. Hall ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's initial and First Amended Complaints and dismissed them for failure to state a claim, but gave leave to amend. (ECF Nos. 1, 6, 7, 8.) Plaintiff's Second Amended Complaint (Am. Compl., ECF No. 9) is now before the Court for screening. No other parties have appeared in the action.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II.  PLAINTIFF'S CLAIMS

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.  He names the following individuals as Defendants: 1) Matthew Cate, secretary of California Department of Corrections and Rehabilitation ("CDCR"), 2) K. Holland, deputy warden at CCI, and 3) M. Frausto, officer at CCI.  Plaintiff alleges that these Defendants violated his rights under the Eighth Amendment by failing to protect him from harm.  Plaintiff also alleges they were acting in their individual and official capacities.

Plaintiff organizes his Second Amended Complaint by Defendant and alleges as

follows:

Defendant Frausto: On February 12, 2012, Defendant Frausto told an inmate that Plaintiff was incarcerated for molesting a child and that he should harm Plaintiff. (Am. Compl. at 7.) Defendant Frausto offered to provide the inmate with a weapon. (Id. at 8.) Defendant Frausto violated Plaintiff's Eighth Amendment rights. (Id. at 8.)

Defendant Holland: Defendant Holland reviewed Plaintiff's grievance against Defendant Frausto at the second level of review. (Am. Compl. at 6.) Plaintiff also sent Defendant Holland a letter regarding Defendant Frausto's actions. (Id. at 6.) Defendant Holland violated Plaintiff's Eighth Amendment rights because he failed to ensure Plaintiff's safety after Plaintiff informed him about the situation. (Id. at 7.)

Defendant Cate: Plaintiff sent Defendant Cate a copy of a complaint regarding Defendant Frausto's efforts to harm Plaintiff. (Am. Compl. at 5.) Defendant Cate failed to ensure Plaintiff's safety and violated Plaintiff's Eighth Amendment rights. (Id.)

Plaintiff asks for declaratory and injunctive relief. (Am. Compl. at 9.)

## II. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Eighth Amendment Claim

Plaintiff has alleged that Defendants Frausto, Holland, and Cate violated his Eighth Amendment rights by rendering his confinement unsafe.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff has failed to state an Eighth Amendment claim against Defendants Cate, Holland, and Frausto. He does not allege facts showing how Defendant Frausto created a substantial risk of serious harm to Plaintiff of which Defendants Holland and Cate were aware but refused to rectify.

Plaintiff alleges that Defendant Frausto placed him in danger on February 12, 2012 by telling another inmate about his prior offenses and encouraging the inmate to harm Plaintiff. Defendants Holland and Cate reviewed Plaintiff's complaints about Defendant Frausto, but failed to intervene and take action to protect Plaintiff.

Taking Plaintiff's allegations as true, Defendant Frausto tried to instigate an inmate to attack Plaintiff. However there is nothing alleged to suggest that the inmate ever considered or attempted to act on Defendant Frausto's suggestion in any way

whatsoever in the two years since it was made. There is no indication the inmate ever even acknowledged Defendant Frausto's words or suggested he might consider acting on them. It appears they landed on deaf ears and Plaintiff was never threatened by or in danger from the inmate. As pled through an original and two revisions, Plaintiff has failed to allege a substantial risk of serious harm.

Plaintiff has failed to state an Eighth Amendment claim against Defendants Cate, Holland, and Frausto.

IV.   **CONCLUSION**

Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was twice previously notified of the deficiencies in his claims and what was necessary to correct them and twice before given leave to amend. The fact that he has twice failed to correct those deficiencies provides a reasonable basis for concluding he cannot. No useful purpose would be served in repeating the process again. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   March 26, 2014             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE